Najar v Najar (2019 NY Slip Op 04389)





Najar v Najar


2019 NY Slip Op 04389


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-10866
 (Index No. 6037/14)

[*1]Adel Musa Najar, appellant,
v
Mohammed Najar, respondent.


Golding & Associates, PLLC, New York, NY (Kevin S. Golding of counsel), for appellant.
Charles E. Boulbol, P.C., New York, NY (Thomas Lane of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated September 28, 2016. The order granted the defendant's cross motion, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action in April 2014. In or around June 2016, the defendant cross-moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. In an order dated September 28, 2016, the Supreme Court granted the defendant's cross motion. The plaintiff appeals.
CPLR 3215(c) provides, in part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed' (CPLR 3215[c]). This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (id. at 308).
Here, the plaintiff took no proceedings for the entry of a default judgment within one year following the defendant's default. Moreover, the plaintiff failed to demonstrate a reasonable excuse for his delay. Since the plaintiff failed to proffer a reasonable excuse for his delay in seeking a default judgment, this Court need not consider whether he had a potentially meritorious cause of action (see Federal Natl. Mtge. Assn. v Heilpern, 164 AD3d 654, 656).
Accordingly, we agree with the Supreme Court's granting of that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
In light of our determination, we need not consider the plaintiff's remaining contentions.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court